## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW J. LIS,<br><br>       Plaintiff,<br><br>   against-<br><br>JASON M. LANCASTER, DEBBIE LANCASTER CECIL SIMMONS, DEE CHASE-UNNO, GULF PREMIER LOGISTICS LLC, OVERLAND DISTRIBUTION CO., INC., OVERLAND EXPRESS CO., INC., JAL ENVIRONMENTAL SERVICES D/B/A JAL ENVIRONMENTAL SERVICES PROGRAMS, INC.; BANK OF AMERICA AND JP MORGAN CHASE BANK N.A.,<br><br>       Defendants. | Case No. 19-cv-01414<br><br>ANSWER, COUNTERCLAIM, AND CROSSCLAIM |

Defendant JP Morgan Chase Bank, N.A., incorrectly styled in the caption as JP Morgan Chase Bank NA ("Chase"), by its attorneys, Becker, Glynn, Muffly, Chassin & Hosinski LLP, for its answer to the Amended Verified Complaint ("Complaint") and for its counterclaim and crossclaims, alleges as follows:

       1-11.   Chase denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as set forth in paragraphs 1-11 of the Complaint.

       12.   Chase denies the allegation in Paragraph 12 of the Complaint, but admits that it has an address for the receipt of mail at P.O. Box 659754, San Antonio, TX 78265-9754, and further states that Chase is a national banking association with its main office, as designated in its Articles of Association, in the State of Ohio.

13.   Chase denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as set forth in paragraph 13 of the Complaint.

14.  Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Chase admits that no claim is made against it.

15.   Paragraph 15 provides an explanation about terminology in its Complaint to which no response is required. To the extent a response is required, Chase admits that the references in the Complaint to "Defendants" excludes Chase.

## JURISDICTION

16-21. The allegations contained in paragraphs 16-21 are not addressed to Chase and therefore do not require a response.  To the extent a response it required, Chase denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as set forth in paragraphs 16-21 of the Complaint.

## INTRODUCTION

22-93. The allegations contained in paragraphs 22-93 are not addressed to Chase and therefore do not require a response.  To the extent a response is required, Chase denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as set forth in paragraphs 22-93 of the Complaint.

## FACTS

94-267. The allegations contained in paragraphs 94-267 are not addressed to Chase and therefore do not require a response.  To the extent a response is required, Chase denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as set forth in paragraphs 94-267 of the Complaint.

## CAUSES OF ACTION

Each and every one of the fifteen (15) causes of action asserted in the Complaint is addressed to defendants other than Chase and therefore do not require a response. To the extent a response is required, Chase denies knowledge or information sufficient to form a belief as to the truth of each and every allegation as set forth in paragraphs 268-439 of the Complaint, and denies liability as to each and every cause of action asserted. Chase denies knowledge or information sufficient to form a belief as to whether plaintiff has suffered damages or harm or is entitled to any of the relief sought against the other defendants in the Complaint

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against Chase.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff admits he has named Chase as a nominal defendant, has no claims against Chase, and is seeking no damages or other relief from Chase.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Chase has no duty, contractual or otherwise, to plaintiff as a matter of law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged by any act on the part of Chase and Chase has breached no legal or contractual duty to plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, such damages were caused in whole or in part by the actions of persons over whom Chase has and had no control.

3

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the damages alleged the Complaint.

## COUNTERCLAIM IN INTERPLEADER AGAINST PLAINTIFF AND CROSSCLAIM IN INTERPLEADER AGAINST DEFENDANTS JASON M. LANCASTER, GULF PREMIER LOGISTICS LLC AND JAL ENVIRONMENTAL SERVICES D/B/A JAL ENVIRONMENTAL SERVICES PROGRAMS, INC.

## NATURE OF THE ACTION

This interpleader action relates to the combined sum of $ 19,682.75 on deposit at Chase (the "Funds") to which each of plaintiff/counterclaim defendant Andrew Lis ("Lis"), crossclaim defendant Jason M. Lancaster ("Lancaster"), crossclaim defendant JAL Environmental Services d/b/a JAL Environmental Services Programs, Inc. ("JAL"), and crossclaim defendant Gulf Premier Logistics LLC ("GPL") (collectively, the Interpleader Defendants") possesses or may possess a claim, in whole or in part.  The Interpleader Defendants' claims or potential claims are adverse and competing.  Chase has no interest in the Funds and hereby disclaims any such interest, and is willing and able to pay the Funds, in their entirety, into the registry of the Clerk of the Court, or to the person or persons who are entitled to it or any part of it, as directed by the Court.  Chase desires to avoid exposure to multiple lawsuits or multiple liability for the payment of the Funds and therefore has filed this  counterclaim and crossclaim in interpleader to respectfully request that the Court: (i) determine the rights of the Interpleader defendants to the Funds; (ii) restrain the Interpleader defendants from instituting and prosecuting any other state or federal action affecting the Funds and require them to assert their claims to the Funds in a single action before this Court; (iii) order Chase to pay the Funds into the registry of the Clerk of the Court pending adjudication of the Interpleader defendants' claims to them; (iv) issue an order permitting Chase to close the accounts in which the Funds were held

prior to their deposit into the registry of the Clerk of the Court; and upon Chase's payment of the Funds into the registry of the Clerk of the Court, discharge Chase from all liability to the Interpleader defendants and dismiss Chase from this lawsuit.

## THE PARTIES

1.      Plaintiff JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with its main office, as designated in its Articles of Association, in the State of Ohio.

2.      Upon information and belief, defendant Andrew J. Lis is a citizen of the State of New York, residing at the address of 61 West 10th Street, Apt. 2A, New York, New York 10011.

3.      Upon information and belief, defendant Jason M. Lancaster is a citizen of the State of Texas, residing at the address of 51 Liberty Branch Blvd., The Woodlands, Texas, 77389-2848.

4.      Upon information and belief, defendant JAL is a citizen of either New York or Texas and has an office at 26400 Kuykendahl Rd. Suite C180 #240, The Woodlands, Texas 77389.

5.      Upon information and belief, defendant Gulf Premier Logistics LLC ("GPL") is a limited liability organized under the laws of Texas, with an office located at 26400 Kuykendahl Rd. Suite C180#240, The Woodlands, Texas 77389.

## JURISDICTION AND VENUE

6.      Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1335 because the complaint is in the nature of interpleader, Chase has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as defendants are, upon information and belief, of adverse citizenship.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1397 because at least one of the claimants resides in this District.

## FACTUAL ALLEGATIONS

8.     On or about February 8, 2019, Lis filed the original verified complaint in this action. Lis has attempted to file an amended verified complaint on April 3, 5, and 8, 2019, although his filing attempts have been rejected by the Court due to apparent filing errors.

9.     In both versions of the complaint, Lis asserts a claim to the funds located in accounts opened and held by JAL and GPL at Chase. Lis, who was originally a signatory on the JAL account number ending 8009 (the "JAL 8009 Account"), alleges that he and Lancaster were co-equal partners in JAL and that therefore that the funds in JAL accounts belong equally to him and to Lancaster. He alleges that JAL and GPL, which he says Lancaster owns, had a business arrangement pursuant to which, for convenience, JAL's funds were routed through GPL and thus that the GPL accounts contain funds belonging to JAL (and therefore, derivatively, to Lis). Lis alleges that Lancaster defrauded JAL, and thus Lis, of funds held in JAL's Chase accounts and that Lancaster secreted or converted for himself JAL funds that were held in GPL's Chase bank accounts, which funds he claims belong to JAL and should have been transferred to JAL, but which GPL kept for itself and/or transferred to Lancaster and others.

10.     On or about February 8, 2019, Lis filed an order to show cause seeking a court order requiring Chase to freeze JAL 8009 Account, and an account ending in 7453 (which Chase's records reflect is an account in the name of GPL), both held at Chase, and "any account connected to or receiving payments on behalf of" JAL. The GPL account ending in 7453 (the "GPL 7553 Account") is an account that Lis alleges was connected to and received payments on behalf of JAL.

6

11.     Based on the verified complaint, the amended verified complaint, and the order to show cause, Lis therefore appears to assert claims to the funds in the GPL and JAL accounts, including the GPL 7453 Account and the JAL 8009 Account.

12.     Chase's Deposit Account Agreement ("DAA") permits Chase to freeze accounts and specific transactions under a variety of circumstances, including when an account is involved a legal proceeding; when Chase receives conflicting information regarding account ownership, control or activity; when Chase suspects that any activity may involve illegal activity or may be fraudulent; and when Chase reasonably believes that doing so is necessary to avoid a loss or reduce risk to Chase.

13.     On or about April 5, 2019, Chase exercised its right under the DAA and placed holds on the JAL 8009 Account, a related JAL account ending in 7782 (the "JAL 7782 Account), and the GPL 7453 Account.  Under the current holds, deposits into the frozen accounts are still processed, but no withdrawals, payments, or transfers may be made out of the accounts.

14.     As of April 5, 2019, the date that Chase placed holds on the accounts, the GPL 7453 account had $9,621.20 on deposit.  The JAL 8009 Account had $20.86 on deposit.  The JAL 7782 Account had $125 on deposit.  In addition, GPL had $100 in cash on deposit in a related checking account ending in 0603 (the GPL 0603 Account").

15.     Additional funds have been deposited into the GPL 7453 Account since April 5, 2019.  The total amount in the GPL 7453 Account as of April 12, 2019, the date of this filing, is $19,436.89.  There has been no change to the amounts held in GPL 0603 Account, the JAL 8009 Account, or the JAL 7782 Account.  Together, the contents of these four accounts reflect the Funds that Lis claims title to in his filings and that he seeks in his order to show cause to have Chase freeze.  (Additional deposits may be processed after the date of this filing, in

7

which case the amount of the Funds will increase.)

       16.     On or about April 8, 2019, Lancaster, JAL, and GPL, though counsel, notified Chase that they dispute Lis's claims and that they contend that Lis has no right to funds in the JAL and GPL accounts.

       17.     GPL further advised Chase that the GPL 7453 Account is necessary for it to conduct its business, and that the freeze on the accounts jeopardizes its business, as certain automatic payments to United States government agencies are set up to be withdrawn from the GPL 7453 Account.  GPL stated that if Chase did not lift the hold on the funds in the GPL 7453 Account, GPL would suffer damages, and threatened Chase with litigation if Chase did not lift the holds.

       18.     On April 8, 2019, Chase urged GPL to obtain Lis's consent to release Chase from liability if Chase were to release the hold on the GPL 7453 Account with respect to the processing of automatic payments to the U.S. government, and to work out alternative arrangement with Lis to protect the Funds frozen as of April 5, 2019.

       19.     On information and belief, GPL sought Lis's agreement for a release and attempted to work out an arrangement with him, but Lis refused.

       20.     On April 11, 2019, GPL informed Chase, through counsel, that GPL was incurring significant fines because the automatic payments to the U.S. government from the GPL 7453 Account were not being processed and requested that Chase permit payments to make payments to U.S. customs on behalf of GPL the business and can make those payments promptly on agreement by the all parties or court order.

       21.     Chase is not able to process such payments without lifting the hold.  On April 12, 2019, Chase sought Lis's agreement, through counsel, to release Chase from liability in

connection with lifting the hold on the GPL 7453 Account to permit the automatic payments to the U.S. government to be processed.   Lis declined to provide Chase a release.

## CAUSE OF ACTION AGAINST ALL INTERPLEADER DEFENDANTS

(Statutory Interpleader Pursuant to 28 U.S.C. § 1335)

22.     Chase repeats and realleges each and every allegation set forth in paragraphs 1 through 21 of this Complaint to the same extent as if those allegations were set forth here in full.

23.     As set forth above, Lis, on the one hand, and Lancaster, JAL, and GPL, on the other, have each claimed a superior right to the Funds.

24.     Chase has no claim to the Funds, but is unable to determine, without hazard to itself, which of the Interpleader Defendants is entitled to the Funds, and has no means other than this action of protecting itself against the threat of multiple liability from the Interpleader Defendants' claims.

25.     In these circumstances, Chase is entitled to interplead all parties who may have claims to or rights in the Funds and obtain a determination by the Court, pursuant to 28 U.S.C. §§ 1335 and 2361, of the rights of the Interpleader Defendants and all interested parties with respect thereto; an order discharging it from liability upon its payment of the Funds into the registry of the Clerk of the Court; and an order restraining and enjoining JAL, GPL, and Lancaster from instituting or prosecuting any proceeding, in any jurisdiction, with respect to the Funds.

26.     Chase may be entitled to attorneys' fees pursuant to the DAA, and reserves the right to seek recovery of those fees, by a filing a fee application with the Court, depending on the relief granted by the Court.

WHEREFORE, Chase demands judgment against the Interpleader Defendants as follows:

    a.       Restraining and enjoining the Interpleader Defendants, their agents, attorneys, or representatives from instituting or prosecuting further any proceeding in any jurisdiction against Chase on the basis of the Funds or their respective claims thereto;

    b.       Directing Chase to pay the Funds into the registry of the Clerk of the Court;

    c.       Directing the Clerk of the Court to deposit the Funds in the registry of the Clerk of the Court to be held therein subject to further orders of the Court;

    d.       Permitting Chase to close the accounts in which the Funds are currently held;

    e.       Fully and finally discharging Chase from any and all further liability with respect to the Funds, and dismissing Chase from this action;

    f.       Resolving the Interpleader Defendants' respective rights to the Funds;

    g.       Awarding Chase its costs, attorneys' fees and any other liabilities incurred by it in connection with bringing this action under 28 U.S.C. § 1335; and

    h.       Awarding such other or further relief as may be just and proper.

Dated:     New York, New York
              April 12, 2019

                                          BECKER, GLYNN, MUFFLY, CHASSIN
                                              & HOSINSKI LLP

                                          By: _____
                                             Andrea Likwornik Weiss
                                           Robin L. Alperstein
                                      299 Park Avenue, 16th Floor
                                      New York, New York  10171
                                      (212) 888-3033

                                      Attorneys for Plaintiff
                                      JP Morgan Chase Bank, N.A.